IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STACY RODREKUS CALLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv504-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Stacy Rodrekus Calloway ("Calloway") is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.[1]

## I.  INTRODUCTION

On July 17, 2013, Calloway pled guilty under a plea agreement to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count 1); possessing cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count 25); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 37); and using a cellular phone in committing, causing, and facilitating a drug offense, in violation of 18 U.S.C. § 843(b) (Count 39).[2]

---

[1] References to document numbers ("Doc. No.") are to those assigned by the clerk of court in this § 2255 action or, where indicated, in the underlying criminal case, Criminal Case No. 2:12cr235-MEF.  All page references are to those assigned by CM/ECF

[2] Thirteen individuals in addition to Calloway were named as defendants in the 57-count indictment in the case.

Following a sentencing hearing on December 17, 2013, the district court sentenced Calloway to concurrent prison terms of 110 months on Counts 1 and 25 and 48 months on Count 39, and a consecutive sentence of 60 months on Count 37.

Calloway appealed,[3] arguing that (1) the district court erred by finding he maintained a premises to distribute narcotics, resulting in a two-point offense-level enhancement under U.S.S.G. § 2D1.1(b)(12), and (2) the district court erred by denying his motion for a sentencing variance based upon alleged sentencing factor manipulation by the Government. *See* Doc. No. 7-1. On October 16, 2014, the Eleventh Circuit affirmed Calloway's conviction and sentence. *United States v. Calloway*, 586 F. App'x 559 (11th Cir. 2014).

On July 13, 2015, Calloway filed this motion for relief under 28 U.S.C. § 2255 presenting the following claims:

1. Because neither his trial counsel nor the magistrate judge who took his guilty plea informed him that his sentence for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), had to run consecutively to any other sentence imposed, his guilty plea was not knowing and voluntary.

2. The district court erred in adding points to his offense level for his leadership role in the offense.

3. The district court erred in the amount of crack cocaine it attributed to him in determining his offense level.

4. The presentence investigation report ("PSI") incorrectly assessed him three criminal history points based on a youthful offender conviction.

---

[3] The plea agreement contained an appeal/post-conviction waiver as to sentencing issues, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.

5. His trial counsel rendered ineffective assistance by—

    (a) failing to inform him that his sentence for his § 924(c) conviction had to run consecutively to any other sentence imposed;

    (b) failing to object to the district court's application of a leadership role enhancement in sentencing him;

    (c) stipulating in the plea agreement that the amount of crack cocaine attributable to him was between 280 and 840 grams and failing to object to the district court's use of that amount in determining his offense level;

    (d) failing to object to the object to the PSI's assessment of three criminal history points based on his youthful offender conviction; and

    (e) failing to object to the sentencing judge's judicial misconduct involving racial discrimination against African Americans and criminal misconduct.

6. His appellate counsel rendered ineffective assistance for failing to raise claims 1 through 4 above on direct appeal.

7. The sentencing judge was guilty of judicial misconduct because (a) he was involved in activities involving racial discrimination against African Americans and (b) he was involved in criminal misconduct.

Doc. Nos. 1 & 2.

In a response filed on August 17, 2015, the Government argues that Calloway's substantive claims 1 through 4 and 7 above are barred by a waiver provision in his plea agreement and are also procedurally defaulted because they were not raised at trial or on direct appeal. Doc. No. 7 at 26. The Government also argues these claims have no merit. *Id*. The Government argues that all of Calloway's claims of ineffective assistance of trial and appellate counsel rest on allegations that fail to establish deficient performance and

prejudice under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).  Doc. No. 7 at 27.

On November 3, 2015, Calloway filed an amendment to his § 2255 motion in which he argues that (1) the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), invalidates his § 924(c) conviction for possessing a firearm in furtherance of a drug trafficking crime, and (2) his statutorily mandated sentence for that conviction violates the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Doc. No. 13.   The Government filed a response on August 17, 2015, arguing that Calloway's amended claims lack merit and are procedurally barred.  Doc. No. 16.

On June 6, 2016, Calloway filed another amendment to his § 2255 motion, this time raising claims that (1) he is actually innocent of the § 924(c) count to which he pled guilty, and (2) his trial counsel rendered ineffective assistance by allowing him to plead guilty to that offense.  Doc. No. 29.  The Government responded on July 11, 2016, arguing that Calloway's new claims are time-barred under 28 U.S.C. § 2255(f), that the new substantive claim is procedurally barred, and that, in any event, both new claims lack merit.  Doc. No. 32.

For the reasons that follow, it is the recommendation of the magistrate judge that Calloway's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.   Evaluating Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would

5

not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of

appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker....  Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).  The Supreme Court has held that a criminal defendant's appellate counsel need not raise all nonfrivolous issues on appeal.  *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983).  The Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751–52.  Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues.  *Smith v. Robbins*, 528 U.S. 259, 287–88 (2000).

### C.   Substantive Claims in Initial § 2255 Motion

The Government argues that the following substantive claims in Calloway's initial § 2255 motion (claims 1 through 4 and 7 listed above in Part I) are barred from collateral review by the waiver provision in his plea agreement and are also procedurally defaulted because they were not raised at trial or on direct appeal:

- Because neither Calloway's trial counsel nor the magistrate judge who took his guilty plea informed him that the sentence for his § 924(c) conviction had to run consecutively to any other sentence imposed, Calloway's guilty plea was not knowing and voluntary.

- The district court erred in adding points to Calloway's offense level for his leadership role in the offense.

- The district court erred in the amount of crack cocaine it attributed to Calloway in determining his offense level.

- The PSI incorrectly assessed Calloway three criminal history points based on a youthful offender conviction.

- The sentencing judge was guilty of judicial misconduct because (a) he was involved in activities involving racial discrimination against African Americans and (b) he was involved in criminal misconduct.

Doc. Nos. 1 & 2.

The written plea agreement contained a provision whereby Calloway waived his rights to raise sentencing issues on appeal and in post-conviction proceedings, but contained exceptions allowing him to raise claims of ineffective assistance of counsel and prosecutorial misconduct.   Doc. No. 9-2 at 6–7.   An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily.   *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).   In this circuit, such waivers have been enforced consistently according to their terms.   *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).   It is also well settled that an available claim must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding.   *See Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994).   A defendant can avoid this procedural bar only by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure.   *See United States v. Frady*, 456 U.S. 152, 167–68 (1982).

Each of the above-listed substantive claims by Calloway is also a predicate for one of his separate claims of ineffective assistance of counsel, whether based on counsel's performance at the trial court level or on direct appeal.   Because assessment of the merits

of the ineffective assistance of counsel claims entails assessment of the merits of each predicate claim, the court pretermits determination of whether the substantive claims in Calloway's initial § 2255 motion are barred by the waiver provision in the plea agreement and/or are procedurally defaulted for not being raised at trial or on appeal.  The merits of each substantive claim by Calloway will be addressed in the court's discussion of his claims of ineffective assistance of counsel.

### D.   Ineffective Assistance Claims in Initial § 2255 Motion

#### 1.   *Failure to Advise Regarding Consecutive Sentence*

Calloway contends that his attorney, William R. Blanchard, Jr.,[4] rendered ineffective assistance of counsel by failing to inform him that his sentence for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), had to run consecutively to any other sentence imposed against him.  Doc. No. 1 at 4; Doc. No. 2 at 2–4.  He also contends that the magistrate judge's failure to advise him of this consecutive-sentence consequence at the change of plea hearing violated Rule 11 of the Federal Rules of Criminal Procedure.  Doc. No. 2 at 2–4.  He maintains that the failure of Blanchard and the magistrate judge to inform him of the consecutive-sentence consequence renders his guilty plea unknowing and involuntary.  *Id*.  He also argues that Blanchard should have raised this matter on direct appeal.  *Id*.

In his affidavit addressing Calloway's claim, Blanchard states:

> The Petitioner claims that I did not inform him that a conviction under 18 U.S.C. § 924(c) would result in a sentence of five (5) years, to be served consecutively to any sentence he might receive on the other counts of

---

[4] Blanchard represented Calloway in the trial court proceedings and on appeal.

9

conviction.  To the contrary, I did tell him this on a number of occasions.  I told him more than once that a major benefit to him of the proposed plea agreement was that it would remove one of the two (2) § 924(c) counts he was facing, and that that would mean he would get only 5 years consecutive to his sentence on the other counts, instead of the additional 30 years of consecutive time he would receive if he were convicted of both § 924(c) counts.

The Petitioner also claims that I was ineffective because I did not object when the Magistrate Judge, in the course of his plea colloquy with the Petitioner, failed to explicitly state that the sentence he would receive on the § 924(c) charge would necessarily be run consecutive to whatever sentence he might receive on the other counts.  He is correct, insofar as the Magistrate Judge did not specify that the § 924(c) count sentence would run consecutively, and I did not object or otherwise put anything into the record about this.  At the time, I did not notice that the Magistrate Judge had not specified anything about the mandatory consecutive nature of the § 924(c) sentence.  However, the lack of any contemporaneous objection or other statement on my part was harmless because I had, on more than one occasion prior to the change of plea hearing, taken pains to explain to the Petitioner that any sentence or sentences he received for the § 924(c) counts would necessarily run consecutively to his sentences on the other counts.  I clearly recall giving him projections of the number of months he could expect to receive under the various alternatives available to him, and these projections clearly showed the effect of one or more § 924(c) counts convictions upon the total term he would receive at sentencing.

Doc. No. 6 at 1–2.

Calloway's plea agreement contained no provision indicating his entitlement to a specific sentence, and Calloway makes no claim that Blanchard or counsel for the Government ever promised him he was entitled to a specific sentence.  The transcript of the change of plea hearing reflects that the magistrate judge fully and correctly informed Calloway of the minimum and maximum statutory penalties for each of the four counts he

was pleading guilty to.[5]  *See* Criminal Case No. 2:12cr235-MEF, Doc. No. 462 at 6–7.  The magistrate judge did not tell Calloway that his sentence for his § 924(c) conviction had to run consecutively to any other sentence imposed.  The magistrate judge advised Calloway that the PSI, which would be prepared before his sentencing, would recommend a sentencing range under the United States Sentencing Guidelines, that no one, including the court, could predict precisely what Calloway's guideline range would be, and that any estimation of the possible sentencing range by defense counsel or anyone else could be wrong.  *Id.* at 9–10.  Calloway stated that he understood this.  *Id.*

While Rule 11 of the Federal Rules of Criminal Procedure obligates the court to inform a defendant entering a guilty plea of the mandatory minimum and maximum possible penalties provided by law (*see* current Fed.R.Crim.P. 11(b)(1)(H) & (I)), Rule 11 "does not require a district court to inform the defendant of mandatory consecutive sentencing."  *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002); *see United States v. Burnery*, 75 F.3d 442, 445 (8th Cir. 1996); *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994); *United States v. Molinaro*, 428 F. App'x 649, 653 (7th Cir. 2011).  A court meets its obligations under Rule 11 when it informs the defendant of the applicable mandatory minimum and and maximum sentences.  *General*, 278 F.3d at 395; *Burney*, 75 F.3d at 445.  The magistrate judge did this at Calloway's change of plea hearing. The magistrate judge's failure to advise Calloway of the consecutive-sentence consequence of

---

[5] The statutory sentencing range for the conspiracy count was 10 years to life in prison; for the distribution count, the statutory maximum sentence was 20 years; for the § 924(c) count, the statutory range was from 5 years to life; for the use-of-communication-facility count, the statutory maximum was 4 years in prison.

his § 924(c) conviction was not a violation of Rule 11. Consequently, there was no basis for Blanchard to object on this ground at the change of plea hearing or to pursue such a claim on direct appeal.

Further, the record does not reflect that any alleged lack of understanding of the consecutive-sentence consequence of his § 924(c) conviction affected Calloway's decision to enter a guilty plea, considering, among other things, the tremendous sentencing advantage Calloway gained by pleading guilty. In exchange for his guilty plea, the Government dropped numerous other counts against Calloway, including a second § 924(c) count, which would have carried an additional sentence of at least 25 years' imprisonment.[6] *See* 18 U.S.C. § 924(c)(1)(C)(i). Regarding the dropped counts, including the § 924(c) count, Calloway "has not proffered even a hint of any defense, much less a suggestion that he could have succeeded had he gone to trial." *United States v. Farley*, 72 F.3d 158, 165 (D.C. Cir. 1995). Also, as noted above, Calloway makes no claim he entered his guilty plea based on a promise he was entitled to a specific sentence, and the plea agreement did not refer to any specific sentence. Calloway entered his guilty plea after being informed that the maximum sentence for two counts of conviction was up to life in prison. Under these circumstances, it is entirely implausible that a determining factor in Calloway's decision to plead guilty was his alleged lack of understanding that the five-year sentence imposed for his § 924(c) conviction would run consecutively to any sentence imposed on the other counts. *See Chua Han Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir. 1984)

---

[6] Blanchard's affidavit and Calloway's own statements indicate that Calloway was aware of this sentence-stacking possibility.

12

(rejecting claim that counsel was ineffective for failing to inform petitioner of the maximum possible sentence, which resulted from imposition of consecutive sentences for the counts of conviction, where the district court informed the petitioner when pleading guilty of the maximum sentence for each count of conviction).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id.* A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

Here, Calloway has not demonstrated deficient performance by Blanchard. And even if Blanchard performed deficiently, Calloway has not established that he was prejudiced by Blanchard's performance, because he has not made an adequate showing that he would have pled not guilty and insisted on going to trial but for Blanchard's alleged errors. *Hill*, 474 U.S. at 59–60. Calloway is entitled to no relief on this claim of ineffective assistance of counsel at trial and on appeal.

13

### 2.    Failure to Object to Leadership Role Enhancement

Calloway contends that Blanchard rendered ineffective assistance of counsel by failing to object to the district court's application of a leadership role enhancement in sentencing him.  Doc. No. 1 at 5; Doc. No. 2 at 5.  This claim is meritless.  The PSI did not recommend, and the district court did not apply, a leadership role enhancement for Calloway's sentence.  There are no grounds for relief on this claim.

### 3.    Stipulation/Failure to Object to Drug Quantity

Calloway contends that Blanchard rendered ineffective assistance of counsel by stipulating in the plea agreement that the amount of crack cocaine attributable to him was between 280 and 840 grams and by failing to object to the district court's use of that amount in determining his offense level.  Doc. No. 1 at 7; Doc. No. 2 at 6-7.

As part of his plea agreement, Calloway stipulated that he was responsible for between 280 and 840 grams of crack cocaine, an amount yielding a base offense level of 32.  Doc. No. 9-3 at 2; Doc. 9-1 at 10.  At the change of plea hearing, Calloway admitted that the amount of crack cocaine involved in the conspiracy was at least 280 grams.  Criminal Case No. 2:12cr235-MEF, Doc. No. 462 at 18.  At the sentencing hearing, a DEA agent testified that, in the course of the conspiracy, Calloway made multiple buys from one of his suppliers, in 3 to 6 grams quantities, from March 2011 through May 2012, amounting to between 147 and 372 grams of crack cocaine.  Doc. No. 9-4 at 159–61.  The PSI, which considered Calloway's purchases from more than one supplier, found that Calloway was accountable for at least 745 grams of crack cocaine.  Id. at 6.

Addressing Calloway's claim, Blanchard states he stipulated to the attributable drug quantity, and did not object to the PSI and district court's findings, because:

> I concluded that if [Calloway] went to trial, the Government would certainly be able to prove that he should be held responsible for considerably more than 280, but probably not more than 840 grams of crack cocaine.  As it turned out, the United States Probation Officer found that Mr. Calloway should be held accountable for at least 745 grams of crack cocaine.  I did not object to the Probation Officer's finding on the drug quantity issue because of the not insubstantial risk that the government might be able to prove at a hearing that Mr. Calloway should actually be held responsible for a quantity of crack cocaine in excess of 840 grams, which would have increased his base offense level.  By contrast, it appeared very unlikely that we could hold the quantity to under 280 grams at a sentencing hearing, thereby reducing his base offense level.

Doc. No. 6 at 3.

Calloway does not show it was professionally unreasonable for Blanchard to stipulate to the drug quantity used to determine his base offense level.  Blanchard considered there to be little chance that a challenge on this issue would result in a smaller amount of drugs being attributed to Calloway, while litigation of this issue might have resulted in the introduction of evidence resulting in Calloway's receiving an increased base offense level and increased sentence.  Moreover, Calloway points to no facts suggesting that, had Blanchard challenged the attributed drug quantity, there is a reasonable likelihood that a smaller amount of drugs would have been attributed to him and his offense level and sentence would have been reduced.  Demonstrating neither deficient performance by counsel nor resulting prejudice, Calloway is entitled to no relief on this claim of ineffective assistance of counsel at trial and on appeal.

.

### 4.   *Criminal History Points for Youthful Offender Conviction*

Calloway contends that Blanchard rendered ineffective assistance by failing to object to the object to the PSI's assessment of three criminal history points based on his youthful offender conviction.  Doc. No. 1 at 8; Doc. No. 2 at 9–10.

The PSI reflects that in December 2008, when he was 19 years old, Calloway was convicted in the Circuit Court of Elmore County, Alabama, for the offenses of first-degree robbery and first-degree burglary.  Doc. No. 9-1 at 13.  Calloway applied for, and was granted, youthful offender status in that case.  *Id.*  The state court sentenced Calloway to three years' imprisonment.  *Id.*  He served 10 months and 20 days of that sentence before being released on parole.  *Id.*  In the instant case, when calculating Calloway's criminal history category, the PSI and district court assessed three criminal history points under U.S.S.G. § 4A1.1(a) based on Calloway's sentence of imprisonment in the 2008 youthful offender case.  *Id.*

For purposes of assessing criminal history points under the sentencing guidelines, the Eleventh Circuit has held that if a defendant was convicted in an adult state court and received and served an adult sentence, the adjudication counts as a sentence of imprisonment for purposes of assessing criminal history points, even if the defendant was classified by the state as a youthful offender. *United States v. Pinion*, 4 F.3d 941, 945 (1993).  Calloway was convicted in an adult state court and received and served an adult sentence, although Alabama classified him as a youthful offender.  An objection by counsel to the assessment of criminal history points based on Calloway's youthful offender

conviction would have been unavailing.[7]   Counsel is not ineffective for failing to raise a

meritless claim.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v.*

*Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  Therefore, Calloway is entitled to no relief

based on this claim of ineffective assistance of counsel at trial and on appeal.

### 5.   *Alleged Judicial Misconduct*

Calloway contends that Blanchard rendered ineffective assistance of counsel by

failing to object to the sentencing judge's judicial misconduct involving racial

discrimination against African Americans and criminal misconduct.  Doc. No. 2 at 8–9.

Calloway presents absolutely no facts to support his conclusory allegation of judicial

misconduct.  Consequently, he fails to show that Blanchard performed deficiently by

failing to object to the sentencing judge's alleged judicial misconduct or that he was

prejudiced by Blanchard's failure to raise such a claim.

### E.   Claims Raised in First Amendment to § 2255 Motion

In a November 3, 2015 amendment to his § 2255 motion, Calloway claims that (1)

the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015),

invalidates his § 924(c) conviction for possessing a firearm in furtherance of a drug

trafficking crime, and (2) his sentence for that conviction violates the Supreme Court's

holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  Doc. No. 13.

### *Johnson* Claim

---

[7] Calloway asserts that he did not possess a weapon during commission of the robbery and burglary.  Doc. No. 2 at 10.  This unsupported assertion is insufficient grounds for excluding the crimes from use in calculating his criminal history points.  In any event, the PSI indicates that Calloway committed the robbery and burglary with three cohorts.  Doc. No. 9-1 at 13.  He could have been found guilty of the crimes even if the weapon was possessed by one of his cohorts.

In *Johnson*, decided on June 26, 2015, the Supreme Court determined that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See* 135 S. Ct. at 2557–59, 2563.  The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  *Id*. at 2563.  The decision did not address the definition of a crime of violence as used in 18 U.S.C. § 924(c).  In any event, *Johnson* is inapplicable to Calloway's § 924(c) conviction, because his conviction for that offense was based on his possession of a firearm in furtherance of a drug trafficking crime, not in furtherance of a crime of violence.[8]  Consequently, Calloway's claim seeking relief under *Johnson* lacks merit.

### *Alleyne* Claim

In *Alleyne,* the Supreme Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) & (iii), for brandishing or discharging a firearm, which trigger higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses and must be alleged in the indictment and proved beyond a reasonable doubt.  133 S. Ct. at 2161–63.  More broadly, the Court held that, except for prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" or admitted by the defendant.  *Id*. at 2155.  *Alleyne* overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase

---

[8] Section 924(c) makes it a crime to possess a firearm in furtherance of a crime of violence or in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c).

the statutory mandatory minimum sentence applicable to a defendant.  *Alleyne*, 133 S. Ct. at 2155.

*Alleyne* is inapplicable to Calloway and the five-year sentence imposed for his § 924(c) conviction.  That five-year sentence was not an enhanced sentence and was not based on a judicial finding that Calloway had brandished or discharged a firearm during his drug trafficking offense.  Rather, it was the generic sentence for possession of a firearm in furtherance of a drug trafficking crime.  *See* 18 U.S.C. § 924(c)(1)(A)(i).  The sentence was authorized by Calloway's guilty plea to the § 924(c) count, by which he admitted to all elements of the offense charged in Count 37 of the indictment.  Calloway's five-year sentence for his § 924(c) conviction was not based on judicial factfinding or a standard of proof less than that of "beyond a reasonable doubt."  Therefore, his claim for relief under *Alleyne* is due to be denied.

### F.   Claims Raised in Second Amendment to § 2255 Motion

In an amendment filed on June 6, 2016, Calloway claims (1) he is actually innocent of the § 924(c) count to which he pled guilty and (2) trial counsel Blanchard rendered ineffective assistance by allowing him to plead guilty to that offense.  Doc. No. 29.

Prisoners asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).

As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

When pleading guilty, Calloway admitted he possessed a firearm in furtherance of a drug trafficking crime. Criminal Case No. 2:12cr235-MEF, Doc. No. 462 at 13–17; *see* Doc. No. 9-2 at 6. Calloway points to no new reliable evidence, as required by *Schlup*, to support his claim that he is actually innocent of the § 924(c) offense. Instead, he disavows his guilty plea and challenges its factual basis. In particular, he contends he did not possess a gun in furtherance of a drug trafficking crime but instead only sold a gun during a drug trafficking crime, which he says does not amount to an offense under § 924(c). Doc. No. 29 at 7–10. However, bartering, selling, or buying a gun to advance a drug trafficking crime constitutes the offense of possession of a firearm in furtherance of drug trafficking crime under 18 U.S.C. § 924(c). *United States v. Miranda*, 666 F.3d 1280, 1282–84 (11th Cir. 2012). There was ample evidence that Calloway sold a gun in connection with a controlled drug buy by law enforcement agents.[9] *See, e.g.,* Criminal Case No. 2:12cr235-MEF, Doc. No. 474 at 83–89. Calloway's actual-innocence claim therefore lacks merit. Because the actual-innocence claim lacks merit, Blanchard did not render ineffective

---

[9] There was also evidence that, on numerous occasion during their investigation of the drug dealing operation, agents observed Calloway carrying a firearm while conducting drug sales in an "open air" drug market. *See* Criminal Case No. 2:12cr235-MEF, Doc. No. 474 at 84–85, 89, 94; Doc. No. 9-1 at 5–6.

assistance of counsel by allowing Calloway to plead guilty to an offense of which he was actually innocent. Calloway is entitled to no relief on the claims he raises in his second amendment to the § 2255 motion.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Calloway be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **June 29, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of June, 2017.

/s/  Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE